UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND CHAD WATKINS,<br><br>             Petitioner,<br><br>      v.<br><br>TUOLUMNE COUNTY SUPERIOR COURT,<br><br>             Respondent. | No. 1:23-cv-01450-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PREMATURE PETITION**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He filed the instant habeas petition in this Court on October 10, 2023.  Upon review of the petition, the Court finds that it should abstain from interfering in ongoing state court proceedings, and the petition should be dismissed.

**DISCUSSION**

A.     Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

1

habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.     Background

Petitioner states he is in custody in the Tuolumne County Jail awaiting trial. Petitioner presents several complaints concerning ongoing state court proceedings: he contends that his bail was doubled, the judge committed misconduct, the prosecution committed misconduct, and his counsel has been ineffective. Petitioner also raises numerous complaints concerning the conditions of his confinement: he claims that he is being denied adequate medical care, he states that he is being denied legal papers and the ability to file court documents, and he contends that he is being denied reasonable medical/mental accommodations. It does not appear that Petitioner has sought relief for his complaints in the state courts except in the trial court.

C.     Younger Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

The law of habeas corpus also provides guidance on when a district court should abstain from review of a claim. In order to be granted federal habeas corpus relief, the petition must have exhausted his available state remedies. 28 U.S.C. § 2254(b). The rule of exhaustion is based on comity to the state court and gives the state court the initial opportunity to correct the state's

1 alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991). The
2 exhaustion requirement can be satisfied by providing the highest state court with a full and fair
3 opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404
4 U.S. 270, 276 (1971)

5     In the instant case, state criminal proceedings are ongoing. California has an important
6 interest in passing upon and correcting violations of a defendant's rights. Roberts v. Dicarlo, 296
7 F.Supp.2d 1182, 1185 (C.D. Cal. 2002) (citing Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir.
8 2003). The trial court remains available as an adequate forum for Petitioner to seek relief. In
9 addition, the California Court of Appeal and the California Supreme Court are adequate forums
10 for Petitioner to seek further relief for his claims. Roberts, 296 F.Supp.2d at 1185. Therefore, the
11 Court recommends abstaining from interfering in state proceedings pursuant to Younger.

12 D.    Civil Rights Complaints

13     A habeas corpus petition is the correct method for a prisoner to challenge the "legality or
14 duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser
15 v. Rodriguez, 411 U.S. 475, 485 (1973)). In contrast, a civil rights action pursuant to 42 U.S.C. §
16 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v.
17 Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. Petitioner's civil rights claims
18 are not cognizable in a federal habeas action and must be dismissed. Petitioner must seek relief
19 for his complaints by way of a civil rights action.

20     In Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016), the Ninth Circuit held that a
21 district court has the discretion to construe a habeas petition as a civil rights action under § 1983.
22 However, recharacterization is appropriate only if it is "amenable to conversion on its face,
23 meaning that it names the correct defendants and seeks the correct relief," and only after the
24 petitioner is warned of the consequences of conversion and is provided an opportunity to
25 withdraw or amend the petition. Id. Here, the Court does not find recharacterization to be
26 appropriate. Petitioner does not name the proper defendants and the claims are not amenable to
27 conversion on their face. Accordingly, the Court should not exercise its discretion to
28 recharacterize the action.

Therefore, the Court will recommend that the action be dismissed and the Clerk of Court be directed to send Petitioner a blank civil rights complaint.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a district judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the petition be DISMISSED, and the Clerk of Court be DIRECTED to provide Petitioner with a blank civil rights form.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 11, 2023**            /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE