**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYMOND CHAD WATKINS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>TUOLUMNE COUNTY SUPERIOR COURT,<br><br>　　　　　Respondent. | No. 1:23-cv-01450-JLT-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. 5)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Raymond Chad Watkins is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The magistrate judge issued findings and recommendations to dismiss the petition and abstain from interfering in ongoing state proceedings. (Doc. 6.) Petitioner filed objections. (Doc. 6.) Petitioner complains that he is not being given reasonable accommodations that would enable him to pursue various legal remedies. (*Id*.) As noted by the magistrate judge, such claims concern conditions of confinement and must be raised by way of a civil rights complaint. With respect to his claims concerning his ongoing state criminal proceedings, Petitioner fails to demonstrate that the state courts do not provide an adequate forum for redress. Among other things, Petitioner claims that the appellate court has refused to file his notice of appeal. This is

understandable, as there does not appear to be a state court judgment from which to appeal. Petitioner does not state that he is precluded from filing a state habeas petition at any level of the state courts or that he is barred from presenting his complaints to the trial court, either on his own or through his attorney. Petitioner's other various complaints as to trial court rulings in his ongoing state proceeding are also not properly before this Court.

Accordance to 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

In addition, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability

when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court declines to issue a certificate of appealability. Accordingly,

1. The findings and recommendations issued on October 11, 2023, (Doc. 5), are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **DISMISSED**.
3. The Clerk of Court is directed to provide Petitioner with blank civil rights complaint forms.
4. The Clerk of Court is further directed to enter judgment and close the case.
5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **October 24, 2023**              /s/ Jennifer L. Thurston
                                            UNITED STATES DISTRICT JUDGE